1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    EASTERN DISTRICT OF CALIFORNIA
7
8   CLETA ADAMS,                        CASE NO. CV F 13-1057 LJO SAB
9                    Plaintiff,         **ORDER TO REMAND ACTION**
10                                       (Doc. 1.)
11         vs.
12  HABITAT FOR HUMANITY, et al.,
13                    Defendants.
14  _____/
15                          **INTROCUTION**
16         Pro se plaintiff Cleta Adams ("Ms. Adams") filed papers to remove an action which she
17  had filed in the small claims court of Tulare County Superior Court. Ms. Adams' Claim and
18  Order to Go to Small Claims Court ("claim") names as defendants Habitat for Humanity,
19  Home Depot USA, Inc., and their respective CEO's and seeks $25,000 for "fraud."     This
20  Court lacks jurisdiction and REMANDS this action to the Tulare County Superior Court.
21                           **DISCUSSION**
22                            **Removal**
23         28 U.S.C. § 1441(a) empowers a defendant to remove an action to federal court if the
24  district court has original jurisdiction.  *Catepillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987).
25  The removal statute provides:
26         Except otherwise expressly provided by Act of Congress, any civil action
           brought in a State court of which the district courts of the United States have original
27         jurisdiction, may be removed by the defendant or defendants, to the district court of the
           United States for the district and division embracing the place where such action is
28

                                          1

pending.

28 U.S.C. § 1441(a).

A removing party must file a notice of removal of a civil action within 30 days of receipt of a copy of the initial pleading.  28 U.S.C. § 1446(b).  Removal statutes are strictly construed with doubts resolved in favor of state court jurisdiction and remand.  *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden to prove propriety of removal.  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-685 (9th Cir. 2006); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("the burden of establishing federal jurisdiction falls to the party invoking the statute").  A district court may remand an action to state court for lack of subject matter jurisdiction or a defect in the removal procedure.  28 U.S.C. § 1447(c).

Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. 1332(a) (diversity).

## Federal Question Jurisdiction

Ms. Adams' papers fail to establish a federal question to invoke this Court's subject matter jurisdiction.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Catepillar*, 482 U.S. at 392.  To invoke federal question jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008).

Ms. Adams' papers offer nothing to invoke federal question jurisdiction.  Ms. Adams

2

1  appears to pursue fraud claims, which are state based. The absence of a federal question

2  warrants remand.

3  **Diversity Jurisdiction**

4  28 U.S.C. § 1332(a) establishes diversity of citizenship jurisdiction and provides in

5  pertinent part:

6  The district courts shall have original jurisdiction of all civil actions where the
   matter in controversy exceeds the sum or value of $75,000 . . . and is between –

7

8  (1) citizens of different States . . .

9  To invoke diversity jurisdiction, the amount in controversy must exceed the sum or

10  value of $75,000. 28 U.S.C. § 1332(a). A removing party "bears the burden of actually

11  proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v.*

12  *Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996).

13  Ms. Adams' claim indicates that she seeks $25,000, well below the $75,000 threshold to

14  invoke this Court's diversity jurisdiction. The amount in controversy fails to establish diversity

15  jurisdiction. This Court surmises that Ms. Adams engages in gamesmanship or delay tactics by

16  originally filing a small claims action and removing it within days of her small claims court

17  hearing.

18  **CONCLUSION AND ORDER**

19  For the reasons discussed above, Ms. Adams' papers fail to invoke this Court's subject

20  matter jurisdiction to support removal of her small claims action. As such, this Court:

21  1.  REMANDS to the Tulare County Superior Court this action and any similar

22  action which Ms. Adams attempts to remove to this Court; and

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1        2.      DIRECTS the clerk to close this action and to take necessary action to remand

2    this action to the Tulare County Superior Court along with any similar action which Ms.

3    Adams may seek to remove.

8    IT IS SO ORDERED.

9       Dated:   __**July 12, 2013**__            ___**/s/ Lawrence J. O'Neill**___

10                                      UNITED STATES DISTRICT JUDGE